ARMSTRONG, Respondent, vs. PRENTICE, Appellant.

*September 29 — October 17, 1893.*

*Contracts: Consideration: Fees of witness.*

Attendance as a witness in an action pending in another state is a sufficient consideration for a promise to pay the witness more than the legal fees, since such attendance could not have been compelled.

APPEAL from the Circuit Court for *Ashland* County.
This action was brought to recover for services and expenses of the plaintiff in looking up witnesses and testimony

in several actions in which defendant was a party, pending and tried in St. Paul, Minn. The actions involved the defendant's title to certain lands in the present city of Duluth, which plaintiff had attempted to convey to defendant by deed in 1856. The description in this deed being erroneous, the aforesaid actions had become necessary to establish defendant's title; and plaintiff claims that defendant employed him to look up records, testimony, etc., in these cases, and agreed to pay him the reasonable value of his time spent in such service and in attending the trials, as well as all his necessary expenses. The defendant claims that he only agreed to pay plaintiff his expenses, all of which he has already paid. The plaintiff's testimony tended to show that he had spent 125 days in looking up testimony and in attendance upon court, in and about the preparation of these cases, which he claimed to be worth the sum of $910, and that he had necessarily expended $500.10, and that he had received from defendant $210. The jury found a verdict for the plaintiff of $1,130.10, and from judgment thereon defendant appeals.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.* To the point that a promise to pay a person more than the legal fees for giving testimony is invalid, they cited *Bayley v. Beaumont,* 11 Moore, 497; *Collins v. Godefroy,* 1 Barn. & Ad. 950; *Sweany v. Hunter,* 1 Murph. 181; *Dodge v. Stiles,* 26 Conn. 463.

For the respondent there was a brief by *Rossman & Foster,* and oral argument by *O. H. Foster.* They argued that one's undertaking to do that which he is under no obligation to do is a good consideration for a contract to pay him therefor. *Harris v. More,* 70 Cal. 502; *Dodge v. Stiles,* 26 Conn. 463; *Cobb v. Cowdery,* 40 Vt. 25, 94 Am. Dec. 370.

WINSLOW, J.   There is little to be said in this case.   The questions at issue were purely questions of fact, which the jury have settled upon what seems to us sufficient evidence and substantially correct instructions.   It is objected that the plaintiff has recovered for attendance as a witness a sum largely in excess of legal fees, and that a promise to pay a witness more than legal fees for his attendance is void, because he is simply performing a legal duty.   However this may be in a case where the attendance of the witness may be compelled by *subpœna*, it certainly does not apply in a case like the present, where the actions were pending in another state and the witness could not be compelled to attend.   In the latter case, it is evident that there is sufficient consideration to support a promise to pay additional compensation.

*By the Court.*— Judgment affirmed.